ATTORNEY FOR PETITIONER:
**PAUL M. JONES, JR.**
PAUL JONES LAW, LLC
Greenwood, IN

ATTORNEYS FOR RESPONDENT:
**CURTIS T. HILL, JR.**
ATTORNEY GENERAL OF INDIANA
**KELLY S. EARLS**
**ZACHARY D. PRICE**
**WINSTON LIN**
**ALEKSANDRINA P. PRATT**
DEPUTY ATTORNEYS GENERAL
Indianapolis, IN

# IN THE
# INDIANA TAX COURT

FILED

Dec 09 2019, 3:59 pm

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| CVS CORPORATION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 18T-TA-00018 |
| ) | |
| CATHY SEARCY, in her official capacity as ) | |
| ELKHART COUNTY ASSESSOR, ) | |
| ) | |
| Respondent. ) | |

### ON APPEAL FROM A FINAL DETERMINATION OF
### THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**December 9, 2019**

WENTWORTH, J.

On May 25, 2018, the Indiana Board of Tax Review issued a final determination valuing a CVS store in Elkhart, Indiana for purposes of the 2012 through 2015 assessments. CVS has challenged that final determination, but the Court affirms.

**FACTS AND PROCEDURAL HISTORY**

The property at issue in this case is the CVS store located at 104 West Hively

Avenue in Elkhart, Indiana. (See Cert. Admin. R. at 1, 63.) The store, constructed in 2004, is approximately 10,880 square feet and sits on 1.26 acres of land. (Cert. Admin. R. at 75.)

The Elkhart County Property Tax Assessment Board of Appeals ("PTABOA") valued the subject property for the 2012 through 2015 assessments as follows: $1,030,600; $1,090,700; $1,118,200; and $1,106,200. (See Cert. Admin. R. at 1-2, 10-11, 28-29.) Believing those values to be too high, CVS timely filed appeals with the Indiana Board. The Indiana Board conducted one administrative hearing on all of CVS's appeals in May of 2017.

During the hearing, certified appraisers for both CVS and the Assessor presented Appraisal Reports in conformance with the Uniform Standards of Professional Appraisal Practice ("USPAP") that valued the subject property for each of the assessment years. (See Cert. Admin. R. at 63-206, 255-531.) CVS's appraiser, Sara Coers, employed all three approaches to value the property (i.e., the sales comparison, income, and cost approaches), reconciling her results into a final value of $800,000 for 2012; $840,000 for 2013; $850,000 for 2014; and $890,000 for 2015. (See Cert. Admin. R. at 64, 198-99, 1132-33.) In arriving at these final values, Coers gave the most weight to her sales comparison and income approaches. (See Cert. Admin. R. at 75-77, 199, 1132-33.)

The Assessor's appraiser, J. David Hall, also employed all three approaches, reconciling his results into a final value of $1,790,000 for 2012; $1,800,000 for 2013; $1,810,000 for 2014; and $1,820,000 for 2015. (See Cert. Admin. R. at 257, 440, 1438-39.) In arriving at his final values, Hall gave equal weight to each of the three approaches. (See Cert. Admin. R. at 440, 1439.)

On May 25, 2018, the Indiana Board issued its final determination in the matter. In its final determination, the Indiana Board found that the sales comparison and income approaches presented in both Appraisal Reports contained so many flaws that they were unpersuasive, if not completely unreliable. (See, e.g., Cert. Admin. R. at 1012 ¶ 96.) The Indiana Board then examined the cost approaches provided in each Appraisal Report, and after finding both probative, it ultimately found Coers's approach more persuasive than Hall's. (See Cert. Admin. R. at 988 ¶¶ 18-19, 995-96 ¶¶ 39-42, 1001 ¶ 56, 1002-03 ¶ 62, 1007-08 ¶¶ 75-79, 1010 ¶¶ 86-87, 1012 ¶ 97.) Nonetheless, the Indiana Board found the portion of her cost approach that accounted for the presence of external obsolescence "entirely unsupported." (Compare Cert. Admin. R. at 131-40, 766-67, 773 (indicating why Coers believed the subject property suffered from external obsolescence and how she quantified it) with Cert. Admin. R. at 996 ¶ 42 n.6, 1007 ¶ 78, 1012 ¶ 98 (indicating why the Indiana Board did not find her rationale persuasive).) Consequently, the Indiana Board modified Coers's cost approach by removing the negative adjustment she made to account for the presence of external obsolescence and assigned the following values to the subject property: $1,222,805 for 2012; $1,226,743 for 2013; $1,246,096 for 2014; and $1,211,040 for 2015. (Cert. Admin. R. at 1012 ¶ 98 n.10.)

CVS initiated an original tax appeal on July 6, 2018. The Court heard the parties' oral arguments on May 23, 2019. Additional facts will be supplied as necessary.

**STANDARD OF REVIEW**

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane

3

<u>Assocs.</u>, 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003).  Accordingly, CVS must demonstrate to the Court that the Indiana Board's final determination in this matter is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence.  <u>See</u> IND. CODE § 33-26-6-6(e)(1)-(5) (2019).

**LAW & ANALYSIS**

I.

CVS first argues that the Indiana Board's final determination is contrary to law because it is not based on evidence in the administrative record.  Specifically, CVS explains that pursuant to Indiana Code § 6-1.1-15-4(j), the Indiana Board must base its final determination exclusively on the evidence contained within the administrative record.  (<u>See, e.g.</u>, Oral Arg. Tr. at 3, 20-21, 28.)  <u>See also</u> IND. CODE § 6-1.1-15-4(j) (2018) (stating that the Indiana Board's final determination "must include separately stated findings of fact . . . [that are] based exclusively upon the evidence on the record in the proceeding and on matters officially noticed in the proceeding").  CVS claims that because neither Coers nor Hall gave primary weight to their cost approaches when advocating their values, the Indiana Board could not do so when it assigned a value to the property in its final determination.  (<u>See, e.g.</u>, Oral Arg. Tr. at 5-7 (stating that "evidence from both sides says that the cost approach should not be given the sole weight or the most weight, and [yet] the [Indiana] Board, on its own, decide[d] to do [just] that"), 11-12 (contending that because the Indiana Board did not mirror the weight

4

given by either of the appraisers, it acted outside of the evidence).)  (But see Pet'r Br. at 15, 17 (claiming that this action by the Indiana Board was also unsupported by the evidence).)

CVS is correct that the Indiana Board is required to adopt a value based exclusively on evidence in the administrative record, but in doing so, it is not bound to adopt the same weight afforded to the evidence the appraisers did in their Appraisal Reports.  Indeed, to find otherwise would not only make it impossible for the Indiana Board to carry out its duties as the trier of fact, but also would be contrary to its familiar, ubiquitous practice prescribed by statute.  See I.C. § 6-1.1-15-4(p) (authorizing the Indiana Board "as trier of fact, to review the probative value of an appraisal report").  See also Madison Cty. Assessor v. Sedd Realty Co., 125 N.E.3d 676, 680 (Ind. Tax Ct. 2019) (providing that "the Indiana Board is required to 'determine the relevance and weight to be assigned to evidence' before it" (quoting 52 IND. ADMIN. CODE 2-7-2(c) (2017))); Marion Cty. Assessor v. Washington Square Mall, LLC, 46 N.E.3d 1, 11-12 (Ind. Tax Ct. 2015) (indicating that when there is an error or a flaw in an appraisal, the Indiana Board need not find that the entire appraisal is invalid; rather, the Indiana Board can still rely on the parts of the appraisal it determines are probative).

The Indiana Board did not act contrary to law when it adopted its valuation of the subject property based solely on the cost approach.  Accordingly, the Court will not reverse the Indiana Board's final determination on this basis.

II.

Next, CVS argues that the Indiana Board's final determination is not supported by substantial or reliable evidence because there is no evidence in the administrative

5

record that Coers's cost approach – <u>without her deduction for external obsolescence</u> – properly reflects the subject property's market value-in-use.  Specifically, CVS maintains that once the Indiana Board determined that Coers's cost approach was more persuasive, it simply could not ignore the substantial unrebutted evidence that was part and parcel of her overall calculation, <u>i.e.,</u> adjusting for external obsolescence.  (<u>See, e.g.</u>, Oral Arg. Tr. at 12-15; Pet'r Br. at 15-16.)

Under the substantial evidence standard, this Court reviews the administrative record to determine whether, when viewed as a whole, it provides a reasonably sound basis of evidentiary support for the Indiana Board's decision.  <u>Switzerland Cty. Assessor v. Belterra Resort Indiana, LLC</u>, 101 N.E.3d 895, 904 (Ind. Tax Ct. 2018), <u>review denied</u>.  <u>See</u> <u>also</u> <u>Starke Cty. Assessor v. Porter-Starke Servs., Inc.</u>, 88 N.E.3d 814, 820 (Ind. Tax Ct. 2017) (defining substantial evidence as "more than a scintilla[;]" it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion).  Because the substantial evidence standard is a highly deferential one, the Court will uphold the Indiana Board's final determination unless CVS can show that there is not enough relevant evidence in the administrative record to support the Indiana Board's finding.  <u>See</u> <u>Belterra Resort</u>, 101 N.E.3d at 904.

During the Indiana Board hearing, Coers testified in vague generalities that the subject property suffered from external obsolescence "because there is stagnant population growth, lower median household incomes and oversupply retail resulting in high availabilities, weak absorption and a limited amount of new construction.  This is overall a softer area of Elkhart with a softer market that has less demand for retail."  (Cert. Admin. R. at 1093.)  (<u>See</u> <u>also</u> Cert. Admin. R. at 94, 1103, 1140-41 (alluding to

the negative impact of unemployment within the area's RV manufacturing industry on median household incomes, population growth, and overall demand for retail space).) In contrast, Hall supported his opinion that the subject property did not suffer from external obsolescence with evidence that the local area actually grew in population, employment, and gross domestic product during the years at issue. (See Cert. Admin. R. at 277-86, 361, 368, 375, 382, 1778-82.) Furthermore, Hall impeached Coers's credibility on this point by highlighting her contradictions: stating the market was in decline for purposes of justifying the presence of external obsolescence on the one hand while adjusting the sales in her sales comparison approach upward to account for "market conditions" on the other. (See Cert. Admin. R. at 1784-85.)

Given these opposing evidentiary presentations, the Indiana Board was required to weigh them and determine which one it found more persuasive. See I.C. § 6-1.1-15-4(p); Sedd Realty Co., 125 N.E.3d at 680. The Indiana Board did just that and found in favor of Hall. (See Cert. Admin. R. at 996 ¶ 42 n.6, 1007 ¶ 78, 1012 ¶ 98.) A reasonable mind could do the same. See Porter-Starke Servs., 88 N.E.3d at 820.

In actuality, CVS's claim merely asks the Court to reweigh the evidence that was presented to the Indiana Board in its favor. The Court cannot reweigh the evidence absent a showing that the Indiana Board has abused its discretion. See Stinson v. Trimas Fasteners, Inc., 923 N.E.2d 496, 498-99 (Ind. Tax Ct. 2010). See also Monroe Cty. Assessor v. SCP 2002 E19 LLC 6697, 77 N.E.3d 270, 273 (Ind. Tax Ct. 2017) (explaining that the Indiana Board abuses its discretion when it either misinterprets the law or when its final determination is clearly against the logic and effect of the facts and circumstances before it), review denied.

Here, CVS merely argues for the superiority of Coers's evidence, stating that she "provided a well-supported analysis for her position in [her] Appraisal [Report] and in her testimony.  While Hall differed in opinion[,] . . . Coers fully and sufficiently explained her[s.]"  (See Pet'r Br. at 13, 15-16 (asserting that her opinion was valid because once she made the adjustment to account for the external obsolescence, her cost approach valuation was within the range offered by her income and sales comparison approaches to value).)  Accordingly, CVS's argument does not identify evidence that the Indiana Board's final determination is against the logic and effect of the facts and circumstances of the case, and therefore cannot rise to the level of an abuse of discretion.  Moreover, based on its review of the evidence in the administrative record, the Court finds that substantial and reliable evidence supports the Indiana Board's determination that the subject property did not suffer from external obsolescence.[1]  The Court will therefore not reverse the Indiana Board's final determination on this basis.

III.

Finally, CVS argues that the Indiana Board's final determination constitutes an abuse of discretion because the Indiana Board chose to act as a board of appraisers and calculate its own values for the subject property rather than rely on the expert testimony and appraisals that were presented to it.  (See Pet'r Br. at 21.)  Stated differently, "[t]he Indiana Board's role is [solely] to review the evidence in the record and

---

[1] CVS has also argued that by removing Coers's external obsolescence adjustment from the cost approach, the Indiana Board acted contrary to law because it failed to value the subject property in accordance with Indiana's market value-in-use standard.  (See Pet'r Br. at 10-14 (explaining that Indiana's property tax system is a market-based system and the only means of tying a value calculated under the cost approach to the market is to make an adjustment for external obsolescence).)  Given that the evidence in the administrative record supports the Indiana Board's conclusion that the subject property did not suffer from obsolescence in the first place, the Court need not address this argument.

determine which expert is more persuasive and compelling, not to step into the shoes of an appraiser and develop, or in this case, calculate, its own values." (Pet'r Br. at 18.)

CVS's argument is nothing more than a repackaging of its first two claims. Given that the Court has already found that the Indiana Board's actions in this case were within its statutory authority and were neither contrary to law nor unsupported by substantial evidence, CVS has not demonstrated an abuse of discretion. See SCP, 77 N.E.3d at 273.

## CONCLUSION

CVS has not demonstrated to the Court that the Indiana Board's final determination is contrary to law, unsupported by substantial evidence, or constitutes an abuse of discretion. Accordingly, the Indiana Board's final determination in this matter is AFFIRMED.